*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF EAST LANSING,

        Plaintiff-Appellee,

v

JOANNE L. DANZIG,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2025
10:22 AM

No. 370806
Ingham Circuit Court
LC No. 24-000188-AR

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

In this case we once again address an issue that is settled law. "Failing to provide identification upon request by a police officer is not itself a crime or statutory offense in Michigan." *People v Murawski*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365852); slip op at 9.

Defendant was part of a group involved in a dispute over a bill at a hotel bar. Hotel staff called the police, and the police briefly detained defendant in an alleged *Terry*[1] stop. Defendant refused to give an officer her identification when she was asked. The officer arrested defendant under East Lansing City Ordinance § 26-52(18), and defendant was charged under the same ordinance. Defendant moved to dismiss the charge in the district court because, she argued, she did not physically resist or obstruct the officer and, therefore, she could not have violated the ordinance. The district court denied her motion, and the circuit court denied her application for leave to appeal. We reverse and remand with the instruction to dismiss defendant's charge.

## I. BACKGROUND

After officers arrived at the hotel, defendant's husband was asked for his identification, which he provided. After defendant twice refused to provide her identification to an officer, the officer told defendant that she would be arrested if she did not provide identification. Defendant

---

[1] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

then held out her wrists to allow the officer to arrest her. Defendant was cited for a misdemeanor violation of East Lansing City Ordinance § 26-52(18), which provides that "No person shall . . . [p]hysically obstruct, resist or hinder any member of the police force, any peace officer, or firefighter in the discharge of their lawful duties."

Defendant moved in the district court to dismiss the charge on the grounds that the language of the ordinance required defendant to physically "obstruct, resist or hinder," and she argued that she physically complied with the arrest. The district court denied her motion. Defendant applied for leave to appeal to the circuit court, and the circuit court denied her request for leave. Defendant now appeals to this Court as on leave granted.[2]

## II. ANALYSIS

Defendant argues that her conduct did not rise to the level of physical obstruction, resistance, or hindrance, and, therefore, she was not in violation of the ordinance. "Municipal ordinances are interpreted and reviewed in the same manner as statutes." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 457; 965 NW2d 232 (2020) (quotation marks and citation omitted). Accordingly, the rules governing statutory interpretation apply and our review of the trial court's interpretation of the ordinance is de novo. *Id.*

The parties disputed in the trial court whether the adverb "physically" modified only the word "obstruct," or all verbs in the ordinance. The district court agreed with defendant that it modified "obstruct," "resist," and "hinder." On appeal, the prosecution continues to argue that "physically" should only modify "obstruct." However, our case law leads us to conclude that we must read the ordinance by applying the adverb "physically" to all of the verbs in the series because " '[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all.' " *Sanford v State*, 506 Mich 10, 20 n 18; 954 NW2d 82 (2020), quoting *Porto Rico R, Light & Power Co v Mor*, 253 US 345, 348; 40 S Ct 516; 64 L Ed 944 (1920).

The Michigan Supreme Court has articulated that physical obstruction is present when a police officer is "faced with a situation in which his next act would, more likely than not, involve physical confrontation." *People v Vasquez*, 465 Mich 83, 98; 631 NW2d 711 (2001). It does not require actual interference; "[r]ather, any conduct that rises to the level of threatened physical interference, whether it is expressed or not, is sufficient to support a charge. . . ." *Id.* Further, "obstructing an officer through a 'knowing failure to comply with a lawful command' requires some physical refusal to comply with a command, as opposed to a mere verbal statement of disagreement." *People v Morris*, 314 Mich App 399, 409 n 6; 886 NW2d 910 (2016).

Whether defendant's conduct could be considered a physical obstruction, resistance, or hindrance, and a violation of the ordinance, is in part determined by whether the officer's

---

[2] This Court originally denied defendant's application for leave to appeal, *East Lansing v Danzig*, unpublished order of the Michigan Court of Appeals, issued September 10, 2024 (Docket No. 370806), and our Supreme Court remanded the matter to this Court to consider defendant's appeal as on leave granted. *East Lansing v Danzig*, ___ Mich ___; 16 NW3d 103 (2025).

instruction for defendant's identification was a lawful command that would involve a physical confrontation, like arrest, after defendant's refusal to comply.

Even though the United States Supreme Court has held that a charge of resisting and obstructing may be proper after a defendant refuses to provide identification, that holding was based specifically on a Nevada stop-and-identify statute, see *Hiibel v Sixth Judicial Dist Ct of Nevada, Humboldt Co*, 542 US 177, 187, 188; 124 S Ct 2451, 159 L Ed 2d 292 (2004), and it would not be a legal command upon which a subject may be arrested in Michigan because, again, this Court has held that "[f]ailing to provide identification upon request by a police officer is not itself a crime or statutory offense in Michigan," *Murawski*, ___ Mich App at ___; slip op at 7.

The present case is not only factually similar to *Murawski*, it presents an even more compelling example of an unlawful arrest than the arrest in *Murawski*. In *Murawski*, police had been dispatched to a retail store due to a customer who was allegedly causing a disturbance. *Id*. at ___; slip op at 1. When they arrived, police were told that the person had left the store and headed in the direction of the bar, which was located next door. *Id*. Police went to the bar and found the defendant, who matched the description they had been given. When police told the defendant to leave, he agreed to leave. *Id*. at ___; slip op at 2. But the defendant refused to provide his identification, subsequently became belligerent, and the officers arrested him, which resulted in a physical altercation. *Id*. The defendant was charged with three counts of resisting and obstructing (one for each police officer), but the district court refused to bind the defendant over on the count that applied to his conduct of refusing to provide one of the officers his identification. *Id*. at ___; slip op at 2-3. On appeal, the defendant challenged the other two counts on the grounds that his arrest for refusing to provide identification was unlawful, and this Court agreed. *Id*. at ___; slip op at 3, 9. Importantly, this Court held:

> The evidence adduced at the preliminary examination clearly establishes that Trooper Reynolds arrested defendant solely for failing to hand over some form of identification. *Failing to provide identification upon request by a police officer is not itself a crime or statutory offense in Michigan.* Further, no additional evidence in the record indicated that the officers had a "reasonably articulable suspicion that criminal activity [wa]s afoot[.]" [*People v Quinn*, 305 Mich App [484,] 492[; 853 NW2d 383 (2014)]. *Without proof that defendant had either engaged in a crime, or was imminently going to commit a crime*, his failure to provide identification to police was not a lawful justification for his arrest. [*Id*. at ___; slip op at 9 (emphasis added).]

This Court's holding in *Murawski* indicates that a police officer may arrest an individual who refuses to provide identification during a *Terry* stop for the underlying offense, but not for the failure to provide identification alone. Obviously, disputing the amount of a bill with a vendor that provided goods and/or services was not a crime, i.e., it was not an underlying offense in this case. Based on the record before us, there is no suggestion that defendant attempted to leave the restaurant without paying her bill, nor is there evidence of any other crime. There was simply a dispute between the hotel and a group of people that included defendant, i.e., a civil dispute between the people in the group and the establishment. Accordingly, defendant's conduct of refusing to provide identification and allowing herself to be arrested did not rise to the level of physically obstructing, resisting, or hindering an officer in the discharge of their lawful duties

because the command of requesting identification was not a command upon which the officer could lawfully arrest defendant, and it was not a command that would likely involve a physical confrontation if defendant refused to comply. Simply put, defendant's conduct did not violate East Lansing City Ordinance § 26-52(18).

Finally, at the end of the prosecution's brief on appeal, there is some brief discussion about the alleged potential consequences that may result from this Court ordering the trial court to dismiss the present case, which involves only a misdemeanor charge. Specifically, the brief states that, "[i]f the East Lansing police decide to react to a dismissal by sending the case to the Ingham County prosecutor's office for prosecution under MCL 750.81(d)(1) [a felony], a victory for the Appellant on this appeal could be the worst thing that ever happened to her." While the issue of whether defendant violated MCL 750.81(d)(1) is not before us, we note that such a charge would be brought in direct defiance of the binding precedent set by this Court in *Murawski*, and thus, would clearly be improper.

For the reasons stated herein, we reverse and remand this matter to the district court with the instruction to dismiss the charge against defendant. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Adrienne N. Young
/s/ Randy J. Wallace

-4-